Kelly, J.
(concurring). I agree with the disposition of this case. I continue to believe that a significant question exists about the constitutionality of the notice provisions of Michigan’s General Property Tax Act. MCL 211.1 et seq. However, in this case, the notice that defendant provided not only satisfied the act, it survives constitutional scrutiny.
A property owner facing foreclosure must be given notice that foreclosure proceedings are underway. Mullane v Central Hanover Bank & Trust Co, 339 US 306, 315; 70 S Ct 652; 94 L Ed 865 (1950); MCL 211.78i(2). The property owners may not have been given adequate notice in the case of Smith v Cliffs on the Bay Condo Ass’n, 463 Mich 420; 617 NW2d 536 (2000) (Kelly, J., dissenting). There, notice was mailed to the owners but returned as undeliverable. I believed that the owners may have been denied due process of law and I wrote:
When the [Department of Treasury] receives notice that its tax bills directed to a corporation are undeliverable at a certain address, reasonableness may require one more step: an inquiry to the Corporations and Securities Bureau to check for a current address. [Id. at 433.]
By contrast, in the present case, defendant Genesee County Treasurer researched the title records for plaintiffs correct address and sent the notice to plaintiff at that address by certified mail. Defendant received verification that plaintiff had accepted delivery. These ac *744 tions reasonably warned plaintiff that foreclosure of the property was about to occur.
Moreover, plaintiff Republic Bank received actual notice of the foreclosure hearing. It is the successor to D & N Bank’s interest, and it continued to maintain an office at the address listed in the title records. Its employee accepted the notice.[1]
It is true that the bank was not given notice as required by § 78f of the act, MCL 211.78f. However, the notice it received of the show cause hearing and judicial forfeiture met the minimum requirements of due process.
Therefore, I agree that the decision of the Court of Appeals should be reversed.
CAVANAGH, J., concurred with KELLY, J.

 That the notice was misplaced after plaintiffs employee accepted it is irrelevant to the question whether the bank received minimal due process.